FILED

2018 MAR 20 AM 10: 18

MIDDLE ~~~~~~~ FL
JACKSONVILLE DISTRICT

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE MIDDLE DISTICT OF FLORIDA

**ANGEL GARRISON-GRIFFIS**

**Plaintiff,**

v.

CASE NO: 3:18-cv-381-J-32JRK

**GORDON SMITH, SHERIFF OF BRADFORD COUNTY,**
**DEPUTY WILLIAM MURRAY, DETECTIVE SGT. BENNETT,**
**INVESTIGATOR RICHARD CREWS & DEPUTY WALLACE,**

**Defendants**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00) brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Florida, against GORDON SMITH, SHERIFF OF BRADFORD COUNTY, individually and as Sheriff of Bradford County, DEPUTY WILLIAM MURRAY, DETECTIVE SGT. BENNETT, INVESTIGATOR R. CREWS and DEPUTY WALLACE, in their individual capacities and as law enforcement officers. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by Florida Statute § 768.28 by serving timely notice of claim on Defendant GORDON SMITH, as SHERIFF of BRADFORD COUNTY, Florida, and the Florida

Department of Financial Services. Copies of the letters and postal service return receipts are attached as Composite Exhibit 1.

3. It is alleged that the individual Sheriff's Deputy Defendants made an unreasonable seizure of the person ANGEL GARRISON, violating her rights under the Fourth and Fourteenth Amendments to the United States constitution, and that these Defendants assaulted and battered Angel Garrison. It is further alleged that these violations and torts were committed as a result of policies and customs of GORDON SMITH, SHERIFF OF BRADFORD COUNTY, FLORIDA in the conduct and control of his law enforcement agency.

## PARTIES

4. ANGEL GARRISON was at all material times a resident of Bradford County, FL, and of full age.

5. Defendants were at all times relevant to this complaint duly appointed and acting Sheriff and Deputies of the Bradford County Sheriff's Office, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the United States of America, the State of Florida, and/or the County of Bradford.

6. Defendant GORDON SMITH, as SHERIFF of BRADFORD COUNTY, Florida, is the Sheriff of Bradford County, Florida [hereinafter Defendant BRADFORD SHERIFF'S OFFICE], as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant BRADFORD SHERIFF'S OFFICE acted through its agents, employees, and servants,

## **FACTS**

7. On or about March 25, 2014 at approximately 11:30 A.M., members of the Bradford County Drug Task Force met with Confidential Informants identified as CS171 and CS 172 for the purpose of conducting controlled narcotic purchases in the Bradford County area.

8. On or about March 25, 2014 Deputy William Murray along with the assistance of Detective Sergeant Bennett, Investigator, R. Cruz, and Deputy Wallace arrested Plaintiff Angel Garrison allegedly for purchasing seven oxycodone 30 mg. pills from the confidential source in exchange for $120.00 in U.S. currency. Plaintiff Garrison was then arrested and transported to the Bradford County Jail.

9. Plaintiff Garrison was charged with a second-degree felony for violation of F. S. 893.13 2a1.

10. At no time on March 25, 2014 or at any other time did Plaintiff Garrison purchase any controlled substances as described on the arrest report or commit any unlawful acts warranting her arrest and subsequent imprisonment in the Bradford County Jail.

11. As a result of the arrest, Plaintiff Garrison was booked into the Bradford County Jail.

12. Upon arrival at the Bradford County Jail Plaintiff Garrison advised that she had to take several prescription medications. During her entire period of incarceration, she was not provided with any of her prescription medications, which resulted in adverse health effects. A copy of the medical report of the Bradford County Sheriff's Office upon her booking into the jail is attached hereto as Exhibit 2. The medical report on page two (2) indicates that Plaintiff Garrison advised jail personnel that she required medication for blood pressure and for adult ADD. A handwritten list of the

medications that she required included Percocet for severe knee pain, Lyrica, Ativan, Soma, Lidocaine Patch, Albuterol, and Statterra. No medications were provided to Plaintiff Garrison at any time during her incarceration.

13. Because of the failure to provide Plaintiff Garrison with needed medication, Plaintiff Garrison suffered unnecessary pain and suffering, detriment to her overall health and wellbeing, and elevation of her blood pressure.

14. Plaintiff Garrison remained confined at the Bradford County Jail until April 9, 2014.

15. On June 10, 2014 Assistant State Attorney Glenn E. Bryan filed a Case Action Report; no information on April 9, 2014 on insufficient evidence to sustain a conviction. A copy of the Case Action Report is attached hereto as Exhibit 3.

16. At no time above had the Plaintiff Garrison committed any illegal acts.

17. The Defendants had no warrant for the arrest of the Plaintiff, no probable cause for the arrest of the Plaintiff, and no legal cause or excuse to seize the person of the Plaintiff.

18. At all times during the events described above, the Defendant sheriff's deputies were engaged in a joint venture. The individual deputies assisted each other in performing the various actions described above and lent their physical presence and support and the authority of their office to each other during the said events.

19. The actions of the Defendant Deputies violated the clearly established and well settled constitutional rights of Angel Garrison:

 A. Freedom from unreasonable seizure of her person;

 B. Freedom from excessive force against her person;

 C. Failure to provide necessary medical care while Plaintiff was incarcerated.

20. As a direct and proximate result of the said acts of the Defendant deputies, the Plaintiff Angel Garrison suffered the following damages:

   A. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person;

   B. Loss of her physical liberty;

   C. Physical pain and suffering;

   D. Medical expense;

   E. Emotional and mental anguish and distress, emotional trauma, humiliation and embarrassment.

## COUNT I
## 42 U.S.C. 1983 AGAINST INDIVIDUAL DEFENDANTS

21. Paragraphs 1 through 18 are incorporated herein by reference as if fully set forth.

22. Plaintiff Garrison claims damages for the injuries set forth above under 42 U.S.C. 1983 against DEPUTY WILLIAM MURRAY, DETECTIVE SGT. BENNETT, INVESTIGATOR R. CREWS and DEPUTY WALLACE, for violation of her constitutional rights under color of law under the Fourth and Fourteenth Amendment of the United States Constitutuion.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $50,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

    d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    e. Trial by jury as to all issues so triable; and

    f. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## ASSAULT AND BATTERY AGAINST
## INDIVIDUAL DEFENDANTS

23. Paragraphs 1 through 18 are incorporated herein by reference as if fully set forth.

24. Defendants DEPUTY WILLIAM MURRAY, DETECTIVE SGT. BENNETT, INVESTIGATOR R. CREWS and DEPUTY WALLACE assaulted and battered Plaintiff Garrison.

25. As a result of the assault and battery, Plaintiff Garrison suffered damages as aforesaid.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages in excess of $15,000 dollars;

    b. Cost of suit;

    c. Trial by jury as to all issues so triable; and

    d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## FALSE ARREST AND ILLEGAL IMPRISONMENT AGAINST
## INDIVIDUAL DEFENDANTS

26. Paragraphs 1 through 18 are incorporated herein by reference as if fully set forth.

27. Defendant Deputies MURRAY, BENNETT, CREWS and WALLACE illegally arrested and illegally imprisoned Angel Garrison.

28. As a result of this false arrest and illegal imprisonment, the Plaintiff suffered the damages as aforesaid.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $15,000 dollars;

b. Cost of suit;

c. Trial by jury as to all issues so triable; and

d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## 42 U.S.C. 1983 AGAINST SHERIFF GORDON SMITH

29. Paragraphs 1 through 18 are incorporated herein by reference as if fully set forth.

30. Prior to March 25, 2014, Defendant BRADFORD SHERIFF'S OFFICE developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Bradford County, Florida, which caused a violation of Plaintiff Garrison's rights.

31. It was the policy or custom of the BRADFORD COUNTY SHERIFF'S OFFICE to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the BRADFORD SHERIFF'S OFFICE.

32. It was the policy and/or custom of the BRADFORD SHERIFF'S OFFICE to inadequately train and supervise its officers, including the Defendant deputies, thereby failing to adequately discourage further constitutional violations on the part of its deputies. The BRADFORD SHERIFF'S OFFICE did not require appropriate in-service training or re-training of its deputies who were known to have engaged in misconduct.

33. As a result of the above described policies and customs deputies of the BRADFORD SHERRIF'S OFFICE including the Defendant deputies, believed their actions would

not be properly monitored by supervisors and that misconduct would not be investigated or sanctioned, but would be tolerated.

34. The above described policies and customs demonstrated a deliberate indifference on the part of the BRADFORD SHERIFF'S OFFICE and its supervisory personnel to the constitutional rights of persons within BRADFORD COUNTY and were the cause of the violations of Plaintiff's rights herein.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $50,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other relief as this Honorable Court may deem just and appropriate

Respectfully submitted:

MARRAFFINO LAW FIRM
Lawrence J. Marraffino, Esq.
3312 W. University Avenue
Gainesville, FL 32607
(352) 376-0102
FBN: 438390
Attorney for Plaintiff